WILLIAM B. CAREY, 8212160
Attorney for Defendant
OREYAL A. JACQUET
1502 West 34th Avenue
Anchorage, Alaska  99503

Telephone:    (907) 272-4255
Facsimile:    (907) 272-4256

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | No. 03-06 CR 00059-02 (RRB) (JDR) |
| vs. | ) ) | |
| OREYAL A. JACQUET, | ) ) | |
| Defendant. | ) | |

## SENTENCING MEMORANDUM FILED UNDER SEAL

This Memorandum is submitted in anticipation of sentencing in this matter, presently set for Friday, January 12 at 10:00 a.m.  The defendant has been convicted upon her plea of guilty to a charge of distribution of cocaine base, a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  Ms. JACQUET's offense consisted of Ms. JACQUET receiving a call from a confidential source requesting one half ounce of cocaine base.  Ms. JACQUET was at work and informed the confidential source that she should call another cell phone number that was understood to be that of Ms. JACQUET's co-defendant, Kiheam Crawford.  Ms. JACQUET entered into a plea agreement with the Government in which she agreed to plead guilty to Count V of the indictment, along with Count VII, a criminal forfeiture count with respect to certain cash found in Mr. Crawford's apartment on or about April 19, 2006.  All other counts pertaining to this defendant in the indictment are to be dismissed as part of the plea

agreement.

The Pre-Sentence Report has correctly set the base offense level at 26, with a 3 level reduction for acceptance of responsibility, given the timely entry of the defendant's plea in this matter and her admissions regarding the circumstances of the offensive conviction.  Ms. JACQUET has a Criminal History Category of  I.  She is subject to a statutory mandatory minimum period of imprisonment of five years. However, she appears to be eligible for the "Safety Valve", under U.S.S.G. § 5C1.2, which would result in an additional two level downward adjustment and authority to impose a sentence within the appropriate Guideline range without regard to any statutory minimum sentence.

However, as of this date, Ms. JACQUET has not been afforded the opportunity to comply with Paragraph(a)(5) of U.S.S.G. § 5C1.2, which requires the defendant to fully provide to the Government all information and evidence she has regarding the course of conduct in this matter.  A tentative time for such a debriefing has been set for Wednesday, January 10, 2007, but the proximity of this time to the actual sentencing date is a cause for concern that initiated a motion to continue the sentencing submitted by the defendant on January on 8, a motion that has apparently been "terminated" per Court order.  It is anticipated that the debriefing will take place and that Ms. JACQUET will comply in all regards with the requirements of the "Safety Valve".  Assuming she does, the resulting Offense Level would be 21 which, with a Criminal History of I, would result in a Guideline sentence of 36 to 47 months.

The defendant submits that she should entitled to an additional downward adjustment of at least two levels for her role in the offense, pursuant to U.S.S.G. § 3B1.2.  According to the Commentary, this section provides a range of adjustments

for a defendant playing a role in an offense that makes her "substantially less culpable than the average participant".  With respect to the facts of this case, Ms. JACQUET took an unsolicited call, at work, from a confidential source attempting to set up a controlled buy of cocaine.  Ms. JACQUET's referral of this source to another cell phone number (that of her long-time acquaintance and now co-defendant, Mr. Crawford) was exceedingly brief.  There is no evidence that Ms. JACQUET played any role in the procuring of the cocaine base, the setting of any price or any other role in the transaction that was later consummated between Mr. Crawford and the confidential source.  There is no evidence that she played any role whatsoever in the other counts of the indictment describing sales of cocaine base by Mr. Crawford to another confidential source.  But even with respect to her one count of conviction, Ms. JACQUET's role was that of a minor participant, substantially less culpable than the prime actor in the transaction, Mr. Crawford.  For the Court, of course, this is a factual determination, but the defendant strongly urges the Court to find that the adjustment is warranted under the facts of this case.  An additional two level adjustment for Ms. JACQUET's role in this offense will result in a base offense level of 19 and a sentencing guideline of 30 to 37 months.

In addition, assuming the Court's authority to go below the statutory mandatory minimum, the Court should review the considerations of 19 U.S.C. § 3553(a).  This section provides, in pertinent part, that the Court should "impose a sentence sufficient, **but not greater than necessary,** to comply with the purposes set forth in Paragraph (2) of this subsection."  These purposes include the need for the sentence to reflect the seriousness of the offense and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public

from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner. These factors, together with the Court's consideration of the nature and circumstances of the offense and the history and characteristics of the defendant, should result in the imposition of a sentence of no more than 2 years. In this case, the characteristics of this young defendant stand out. First, she is a young lady of 22 years. She has a consistent record of being employed. She has extremely high potential for rehabilitation as can be seen by her thoughts on her future as expressed to the author of the pre-sentence report. She has done volunteer work for elderly and disabled people and hopes to work in this field in the future. She has strong family support and has been able to support herself under sometimes difficult circumstances. She has and continues to learn skills that will assist her in making a viable living for her in the future. She also has great remorse for her involvement in this offense. She has the desire to better herself and is willing to undergo the 500 hour drug treatment program while in federal custody in the event it is available to her.

Rehabilitation should be a primary concern in this case. To that end, her release at the earliest time possible to community confinement so that she might work and be productive is requested. Although the sentence proposed by the defendant herein is below the guideline range, such a sentence is permissible and appropriate under 18 U.S.C. § 3553. Since the Sentencing Guidelines are only advisory in nature, the Court should not feel uncomfortable deviating in a relatively minor way from them in imposing sentence in this matter.

For the foregoing reasons, the Court should impose a sentence of no more

than two years, together with a recommendation for the defendant's release to community confinement as soon as is feasible, along with forfeiture of the funds as set out in Count VII of the indictment with standard conditions of probation.

DATED at Anchorage, Alaska this _____ day of January, 2007.

LAW OFFICE OF WILLIAM B. CAREY
Attorney for Defendant
OREYAL A. JACQUET


_____
William B. Carey
Alaska Bar No. 8212160


## CERTIFICATE OF SERVICE

I hereby certify that on this __ day of January, 2007, a true and correct copy of the foregoing Sentencing Memorandum was electronically delivered to the following:

Stephan Collins, AUSA