WILLIAM B. CAREY, 8212160
Attorney for Defendant
1502 West 34th Avenue
Anchorage, Alaska  99503

Telephone: (907) 272-4255
Facsimile: (907) 272-4256

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>OREYAL A. JACQUET,<br><br>Defendant. | No. 03-06 CR 00059-02 (RRB) (JDR) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REDUCE**

**SENTENCE**

**I.   Introduction.**

OREYAL A. JACQUET asks this court for an order reducing her sentence from 30 months to 24 months pursuant to 18 U.S.C. § 3582(c)(2) and the retroactive amendment to cocaine base guideline.  Application of this retroactive amendment reduces Ms. JACQUET's total adjusted offense level from offense level 19 to offense level 17 and, consistent with the lower end sentence originally imposed in this matter, results in a 24 month sentence.

**II   Statement of Relevant Facts.**

**Indictment and Plea Agreement**

The grand jury originally charged OREYAL A. JACQUET with one count of

conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Count 1) and one count of distributing five grams or more of crack cocaine in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(B) (Count 5).  Ms. JACQUET pled guilty to Count 5.

## Sentencing

The presentence report in this matter set a base offense level of 26 upon a finding of the defendant's responsibility for between 5 and 20 grams of cocaine base. The offense level was adjusted for Ms. JACQUET's timely acceptance of responsibility.  Defendant argued that she was entitled to an additional two point downward adjustment for her minor role in the offense, an argument that was accepted by the Court and incorporated into the sentence in this matter.  This reduced her adjusted offense level to 21.

An additional argument arose with respect to Ms. JACQUET's attempt to assist the government by giving a timely and full debriefing and otherwise offering what information she could about her offense and the people involved.  Ms. JACQUET moved [at Docket number 64] for a continuance of sentencing in order to arrange for the debriefing.  Ms. JACQUET was "safety valve" eligible, and it was anticipated that the information that she would be able to provide would sufficient to qualify under U.S.S.G. § 5C1.2 to be sentenced beneath the statutory mandatory minimum sentence (5 years) applicable in her case.  At sentencing, the Court found that Ms. JACQUET did qualify under the "safety valve" provision and she received an additional two level downward departure, resulting in a final offense level of 19.

The conduct for which Ms. JACQUET was convicted in this case consisted of

referring an undercover informant employed by the government to her co-defendant, Kiheam Crawford, for the purchase of approximately 12 grams of crack cocaine. Ms. JACQUET, was (and is) a young woman (now 24 year old) with little or nothing in the way of a criminal history and a solid record of employment. She is presently residing in a community residential center in Anchorage and continues to be employed. The final guideline computation at the original sentencing was as follows:

    Base Offense Level…………………………………………….. 26

    SafetyValve………………………………………………………. -2

    Acceptance of Responsibility…………………………………….. -3

    Minor Participant…………………………………………………. -2

    Total Adjusted Offense Level………………………………….. 19

    Criminal History Category……………………………….....… I

This computation exposed Ms. JACQUET to an advisory guideline range of 30 to 37 months and the Court imposed the low end with a sentence of 30 months.

**III.    The Retroactive Cocaine Sentencing Guideline Amendment.**

Congress, the courts, and the Sentencing Commission have long been troubled by the apparent disparate treatment of cocaine powder and cocaine base and the controversy surrounding the 100 to 1 ratio need not be discussed in this memorandum. It is sufficient to point out that effective March 3, 2008, the cocaine base sentencing guideline has been amended in a manner that reduces all base offense levels for cocaine base by two levels. This amendment has been expressly made retroactive.

**IV. Application of the Retroactive Amendment to Ms. JACQUET.**

Applying this retroactive amendment to Ms. JACQUET advisory sentencing guideline computation reduces her base offense level from 21 to 24. This, in turn, reduces her total adjusted offense level from 19 to 17 and the advisory guideline computation is as follows:

   Base Offense Level…………………………………………………..26

   SafetyValve………………………………………………………….-2

   Acceptance of Responsibility……………………………………..-3

   Minor Participant…………………………………………………….-2

   Total Adjusted Offense Level……………………………………..17

   Criminal History Category………………………………….…I

This revised guideline computation thus exposes Ms. JACQUET to an advisory sentencing guideline range of 24 to 30 months.

Under these circumstances, it is wholly appropriate to reduce Ms. JACQUET's sentence to 24 months, which is consistent with the imposition of the original sentence at the low end of the guideline range applicable at that time.

**V.   Conclusion**

For these reasons, Ms. JACQUET asks that court to reduce her sentence from 30 to 34 months.

   RESPECTFULLY SUBMITTED this 9th day of May, 2008.

                          WILLIAM B. CAREY
                          Attorney for the Defendant


                             /s/ William B. Carey
                          _____
                          William B. Carey
                          Alaska Bar No. 8212160

             Telephone: (907) 272-4255
             Facsimile: (907) 272-4256
             e-mail: bcarey@alaska.com

   I hereby certify that on this 9th day of May, 2008, a copy of the forgoing <u>Memorandum of Law in Support of Motion to Reduce Sentence</u> was electronically served on the following:

Stephan A. Collins
Assistant U.S. Attorney